```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

MARCIA PETERSON                                    CIVIL ACTION

V.                                                 NO. 16-17611

VOLUNTEERS OF AMERICA
OF GREATER NEW ORLEANS, INC.,
ABC INSURANCE COMPANY, ROBERT
YOUNG, AND AKANJI OLUBENGA                         SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the following reasons, the motion is GRANTED.

**Background**

The plaintiff was a resident at a Residential Re-Entry Facility (Halfway House) run by Volunteers of America of Greater New Orleans, Inc. (VOA of GNO) from September 2015 to February 2016. VOA of GNO contracted with the Federal Bureau of Prisons (BOP) to operate the Halfway House where federal prisoners reside before completing his or her term of imprisonment.

The plaintiff alleges that while a resident of the Halfway House she was subjected to repeated incidents of sexual harassment, verbal abuse, and retaliation by the onsite house manager, Robert Young. For contested reasons, the plaintiff spent the majority of her time at the Halfway House and did not leave during normal working hours for a job like most of the residents did. The plaintiff broadly states that she was required to remain on site during the day while the defendant alleges that because of the

1

plaintiff's age (62 years old), the Halfway House did not require her to have a job. Instead of having a job and giving a portion of her paycheck to the Halfway House for residential fees, she gave a portion of the benefits she received from the government every month.

In her complaint originally filed in state court, the plaintiff alleges that most of the time she was the only female who was at the Halfway House during normal working hours. This situation allegedly led to ongoing abuse and harassment by Young, a defendant in this case. After finally learning of her rights to be free from harassment, the plaintiff attempted to, and in some instances did, submit complaints about the harassment Young committed. The plaintiff claims that in retaliation for reporting her harassment, Young subjected her to further verbal abuse and harassment as well as harassment by the director of operations at the Halfway House, Akanji Olubenga. To support her state law claims, the plaintiff references and incorporates specific standards for community confinement facilities, which she alleges the defendants violated; these standards were promulgated by the Department of Justice pursuant to the Prison Rape Elimination Act (PREA). The plaintiff alleges that because of these violations, she suffered from, and continues to suffer from, severe post-traumatic stress, fear, anxiety, and depression.

The defendant removed the lawsuit to this Court and asserted jurisdiction under 28 U.S.C. §§ 1331 and 1442. The Court considers the merits of each jurisdictional basis in turn.

## I. Jurisdiction Under 28 U.S.C. § 1331

### A.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. See Allen v. R&H Oil & Gas, Co., 63 F.3d 1326, 1355 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., Manguno v. Prudential Prop. & Gas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. See 28 U.S.C. § 1447(c); Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

### B.

The plaintiff first contends that VOA of GNO's removal to this Court under § 1331 is improper because her petition does not state a claim arising under federal law. The plaintiff maintains

that her petition does not allege that defendants Olubenga and Young were acting under a color of law, such that the claim could be construed as one under federal law. Most pointedly, and importantly, the plaintiff asserts that her state court petition could not have alleged a federal cause of action because PREA violations do not grant prisoners a private cause of action.

The defendant responds that the plaintiff necessarily states a federal law cause of action in her petition because she was in the custody of the Federal Bureau of Prisons for committing a federal crime at the time of the alleged conduct. Further, the defendant argues that the plaintiff's allegations require a consideration of federal law; namely, whether the alleged actions violated PREA standards, which are promulgated by the federal government. Therefore, the defendant contends this Court has jurisdiction over the plaintiff's claims.

C.

This Court does not have jurisdiction under 28 U.S.C. § 1331, as the defendant argues. "[C]ourts [that have] address[ed] this issue have found that the PREA does not establish a private cause of action for allegations of prison rape." Krieg v. Steel, 599 Fed. App'x 231, 232 (5th Cir. 2015); see also Diamond v. Allen, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014);

4

Amaker v. Fischer, No. 10-CV-0977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014).[1]

Additionally, the defendant contends that the plaintiff's case falls under a special category of cases where the "federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005). "However, a claim does not arise under the law of the United States pursuant to . . . section 1331 . . . if the relief sought is based entirely upon a state cause of action in which regulations established by federal statute are used merely as further evidence of the right to recover under state law." Till v. Unifirst Fed. Sav. & Loan Ass'n, 653 F.2d 152, n.2 (5th Cir. 1981).

Here, the plaintiff invokes standards established under federal law, namely PREA, as a grounds for recovery under Louisiana state law. This is precisely the situation the Fifth Circuit pointed to as one that does not give rise to federal jurisdiction merely by referencing a federal law as support to recover under Louisiana law. See id. (explaining that a remedy that specifically

---

[1] The Fifth Circuit has additionally stated that any claim raised under PREA should properly be dismissed as frivolous. Krieg, 599 Fed. App'x at 233.

5

exists under a federal law establishes federal jurisdiction because it goes beyond a mere assertion to support a state law claim). The plaintiff's claims here do not allege, and do not establish, a private right of action under PREA. Without crossing the threshold inquiry of whether a private cause of action exists under federal law, the defendant fails to carry its burden to establish federal jurisdiction under § 1331. See id.[2]

## II.  Jurisdiction Under 28 U.S.C. § 1442

The Federal Officer Removal Statute, 28 U.S.C. § 1442, permits the removal of any civil or criminal action brought in state court when the defendant in the matter is:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in any official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminal or the collection of the revenue.

29 U.S.C. § 1442(a)(1). The Fifth Circuit has recognized that the purpose of removal pursuant to this statute is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties," and that "this right is not to be frustrated by a grudgingly narrow interpretation of

---

[2] The Court need not consider each of the four Grable factors because without a private cause of action under PREA, the defendant cannot carry its burden to establish a federal question for this Court.

6

the removal statute." Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 398 (5th Cir. 1998). The removing defendant has the burden of establishing the existence of federal jurisdiction. Id. Removal under § 1442(a)(1) is proper only when the defendant: (1) is a "person" within the meaning of the statute, (2) who acted under color of federal authority when he committed the acts that allegedly led to the plaintiff's injuries, and (3) has a "colorable federal defense." Mesa v. California, 489 U.S. 121, 131-32 (1989); Winters, 149 F.3d at 398.

The plaintiff contends that remand is proper because the defendant does not carry its burden to support removal under the Federal Officer Removal statute. The plaintiff urges that the defendant fails to provide affidavits to support its contention that it and its agents acted under the color of law, and that in its answer, the defendant alleges no colorable federal defense. The Court agrees.

*A. Person under § 1442(a)(1)*

Corporate entities may qualify as persons under 28 U.S.C. § 1442. Winters, 149 F.3d at 398. At all relevant times, VOA of GNO was a corporation. If the contract between VOA of GNO and the Federal Bureau of Prisons qualifies as a governmental contract, VOA of GNO would rightfully be a "person" because it is a corporation and § 1442 provides that a corporation may qualify as

7

a person. As such, the Court's determination does not hinge on this factor.

### B. *Federal Direction and Causal Nexus*

To satisfy the second prong of the analysis, a defendant must "demonstrate that [he] acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant['s] actions under color of federal office and the plaintiff['s] claims." Dupre v. Todd Shipyards Corp., No. 11-2097, 2011 WL 4551439 (E.D. La. Sept. 29, 2011) (Zainey, J.). Here, the plaintiff claims that VOA of GNO does not carry its burden to establish it acted under the color law. First, the plaintiff contends that the defendants submit no affidavit or contract establishing a relationship between the defendant and the federal government that suffice as grounds upon which the defendant could have "acted under" a federal officer. Next, the plaintiff argues that the defendant officers did not act under federal direction when allegedly harassing and retaliating against the plaintiff. In sum, the plaintiff urges that the defendant fails to identify the specific federal direction it was acting under when the conduct complained of occurred. Because the defendant fails to bolster its position with any legal support, the plaintiff contends that removal was improper; a blanket statement alleging that the actions occurred under the general auspices of federal direction is

8

insufficient to support § 1442(a)(1) removal. The Court now considers whether VOA of GNO carries its burden.

In Laurent v. City of New Orleans, the court held that the defendant carried its burden to establish a nexus when it provided the court with "documented evidence regarding the [government's] oversight." No. 14-2022, 2014 WL 5410654, *3 (E.D. La. Oct. 23, 2014) (Barbier, J.). There, the defendants also submitted an affidavit of its federal officers attesting to the government's oversight and final authority over all of the work the defendants completed under its government contract. Id. Laurent is of no help here.

In a case in which removal was upheld, the defendant had contracted with the government for sewerage and water construction. Crutchfield v. Sewerage & Water Bd. Of New Orleans, No. 13-4801, 2015 WL 1281663, *2-3 (E.D. La. Apr. 20, 2015) (Feldman, J.). A federal direction and causal nexus existed in Crutchfield because the contractor's project was funded entirely by the federal government, and the Army Corps of Engineers exercised direct and detailed control over the defendant's construction work. Id. at *2. The contractor submitted testimony from its project manager, who explained that the Corps had to approve of all work before it began, and the Corps' personnel monitored the daily construction activities. Id.; see also C.R. Pittman Const. Co., v. Parson and Sanderson, Inc., No. 10-1027,

9

2010 WL 3418240 (E.D. La. Aug. 24, 2010) (Lemelle, J.) (upholding removal where the contract with the Corps required the Corps to occupy and staff a field office that inspected equipment and work).

If the defendant "only establishes that it acted under 'general auspices of federal direction,' it does not qualify under the statute." Rizzuto v. Bianchini, No. 6-6883, 2006 WL 3332832, *5 (E.D. La. Nov. 14, 2006) (Africk, J.) (quoting Green v. Aetna U.S. Healthcare, Inc., No. 00-1292, 2000 WL 1229226, *1 (N.D. Cal. Aug. 18, 2000). Rizzuto held that mere allegations that the defendant was subject to comprehensive federal regulations, without asserting that the federal government directed the defendant to take the specific actions in question, failed to establish a nexus between the federal regulation and the specific conduct on which the plaintiff based her claim. Id.

The common thread and essential component in this Court's analysis of this factor is that the defendant must furnish clear evidence to support a finding of governmental control. As noted above, an affidavit from an agent of the defendant explaining the government's oversight and authority over the actions giving rise to the claim is sufficient. Here, VOA of GNO makes mere generic statements regarding the federal government's control over its facility and workers; the only evidence submitted in support is a "Statement of Work" handbook presumably furnished by the BOP to VOA of GNO. The handbook contains provisions explaining certain

10

hiring and vetting practices for employees working with residents at the Halfway House. However, there is no support to show whether there is continuous oversight, approval, and inspection over the center and its employees, and whether the government, through the BOP, created or approved the actions allegedly committed by VOA of GNO's agents against the plaintiff.

The defendant fails to carry its burden. VOA of GNO merely "establishes that it acted under general auspices of federal direction," and, therefore, "it does not qualify under the statute." Rizzuto, 2006 WL 3332832, at *5 (internal quotations omitted).

### C. *Colorable Federal Defense*

A motion to remand is not the proper mechanism by which to litigate a defendant's defense. Winters, 149 F.3d at 387; Laurent, 2014 WL 5410654. To show removal is proper, VOA of GNO need not prove an asserted federal defense; it must assert only its colorable applicability to the claims. VOA of GNO enumerates at least 10 defenses in its answer to the plaintiff's complaint.

Courts find a colorable federal defense and uphold removal under §1442 when a defendant invokes the contractor immunity defense. Winters, 149 F.3d at 401; Crutchfield, 2015 WL 1781663, at *3; Laurent, 2014 WL 54110654, at *4. Jurisdiction under § 1442 fails because the Court finds that the defendants have wholly failed to establish conduct under the color of federal. The Court

11

need not further interpret VOA of GNO's many defenses to determine whether one can be construed as a colorable federal defense. Moreover, VOA of GNO fails to specifically invoke a federal contractor immunity defense, both in its answer and in its briefing to the Court for this motion.

V.

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is hereby GRANTED and the case is REMANDED to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, February 22, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE